UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| TANDBERG TELECOM AS,<br><br>      Plaintiff,<br><br>v.<br><br>STARBAK COMMUNICATIONS, INC.,<br><br>      Defendant. | Civil Action No.: 06-424-SLR<br><br>**JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT STARBAK COMMUNICATIONS, INC.

Defendant StarBak Communications, Inc. ("Defendant") hereby answers the Complaint for Patent Infringement (the "Complaint") filed by Tandberg Telecom AS. ("Plaintiff").

### PARTIES

1.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.      The allegations of paragraph 3 state conclusions of law to which no response is required.

4.      Defendant admits that it is a Delaware corporation. The remaining allegations of paragraph 4 state a conclusion of law to which no response is required.

5.      The allegations of paragraph 5 state conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

6.    Defendant denies that the '745 patent was lawfully issued.  To the extent that the remaining allegations in paragraph 6 purport to characterize the '745 patent, Defendant states that the patent speaks for itself.

7.    Defendant denies that the '644 patent was lawfully issued.  To the extent that the remaining allegations in paragraph 7 purport to characterize the '644 patent, Defendant states that the patent speaks for itself.

8.    Defendant denies that the '077 patent was lawfully issued.  To the extent that the remaining allegations in paragraph 8 purport to characterize the '077 patent, Defendant states that the patent speaks for itself.

9.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

## STARBAK'S INFRINGEMENT OF THE PATENTS IN SUIT

10.    Defendant repeats and reaffirms its answers to the allegations of paragraphs 1-9.

11.    Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.    Defendant admits that Plaintiff has contacted Defendant regarding certain patents purportedly owned by Tandberg and/or Tandberg's affiliates, but denies the remaining allegations contained in paragraph 12 of the Complaint.

13.    Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.    Defendant denies the allegations contained in paragraph 14 of the Complaint.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Each of the claims of the three patents named in the Complaint (the '745 patent, the '664 patent, and/or the '077 patent) are invalid for failure to comply with conditions for patentability set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103 and 112.

#### Second Affirmative Defense

All of Plaintiff's claims are barred by the doctrine of laches and/or equitable estoppel.

#### Third Affirmative Defense

Defendant has not infringed, and is not infringing, literally or under the doctrine of equivalents, any claim of the '745, '664, and '077 patents.  Nor has the Defendant, presently or in the past, contributed to or induced the infringement of these patents.

#### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment with respect to Plaintiff's Complaint and Defendant's Affirmative Defenses as follows:

a.      judgment be entered against Plaintiff and in favor of Defendant on the claims set forth in the Complaint filed by Plaintiff and that such claims be dismissed with prejudice;

b.      this Court find and declare that the '745 patent, the '664 patent, and the '077 patent are not infringed by Defendant;

c.      this Court find that the '745 patent, the '664 patent, and the '077 patent are invalid pursuant to the United States patent law, including 35 U.S.C. §§ 101, 102, 103, and 112;

d.      this Court find that this is an exceptional case and award Defendant its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

e.    this Court grant Defendant such other and further relief as the Court shall

deem just and proper.

OF COUNSEL:
Daniel C. Winston
Mark S. Freeman
Julie C. Rising
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000


Dated:  September 25, 2006

William J. Wade (#704)
wade@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
  *Attorneys for Defendant Starbak*
  *Communications, Inc.*

-4-

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006, I caused to be served by hand delivery the

foregoing document and electronically filed the same with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:

> Jack B. Blumenfeld
> Karen Jacobs Louden
> Morris, Nichols, Arsht & Tunnell, LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE  19899-1347

> Anne Shea Gaza (#4093)
> Gaza@rlf.com
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700